**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| BUFFALO PATENTS, LLC, § § Plaintiff, § § v. § CIVIL ACTION NO. 6:21-cv-1065-ADA § ZTE CORPORATION, § § Defendant. § § | |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER SERVICE
AND LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

LEGAL STANDARDS ...................................................................................................................1

ARGUMENT ...................................................................................................................................4

    I.    The Court Lacks Personal Jurisdiction Because Buffalo Patents' Purported Service of ZTE Corporation Via the Texas Secretary of State Violated the Hague Service Convention .......................................................................................4

    II.   This Court Has Held That a Chinese Corporation May Not Be Served Via the Texas Secretary of State ...............................................................................5

CONCLUSION ................................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*ACQIS LLC v. Lenovo Group Ltd.*,
    No. W-20-CV-00967-ADA, 2021 WL 5332314 (W.D. Tex. Nov. 16, 2021) ................. passim

*Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*,
    No. SA-05-CA-0172-XR, 2005 WL 1862631 (W.D. Tex. July 8, 2005) ........................... 4, 5

*Axford Consulting, L.P. v. Foster Jordan, LLC*,
    No. H-09-1899, 2009 WL 10711347 (S.D. Tex. Sept. 24, 2009) ............................................ 5

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
    444 F.3d 1356 (Fed. Cir. 2006) ............................................................................................ 2

*Cedar Lane Technologies Inc. v. Hitachi Kokusai Electric Inc.*,
    No. 6:21-CV-00423-ADA, 2021 WL 4441977 (W.D. Tex. Sept. 27, 2021) ........................... 7

*Global Technologies v. ASUSTeK Computer Inc.*,
    No. 6:21-CV-00820-ADA, 2021 WL 4340975 (W.D. Tex. Sept. 23, 2021) ........................... 7

*Monolithic Power Systems Inv. v. Meraki Integrated Circuit (Shenzhen) Technology Ltd.*,
    No. 6:20-CV-00876-ADA, 2021 WL 4974040 (W.D. Tex. Oct. 25, 2021) ........................... 7

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ............................................................................................................ 5

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987) ...................................................................................................... 1, 4, 5

*Religious Tech. Ctr. v. Liebreich*,
    339 F.3d 369 (5th Cir. 2003) ............................................................................................... 2

*Trs. of Purdue Univ. v. STMicroelectronics N.V.*,
    No. 6:21-CV-00727-ADA, 2021 WL 5393711 (W.D. Tex. Nov. 18, 2021) ........................... 7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) ........................................................................................................ 2, 4

*Water Splash, Inc. v. Menon*,
    137 S. Ct. 1504 (2017) ............................................................................................. 2, 3, 4, 5

**Statutes**

Tex. Civ. Prac. & Rem. Code § 17.044 .................................................................................... 2
Tex. Civ. Prac. & Rem. Code § 17.045 ............................................................................... 3, 4, 6

**Rules**

Fed. R. C. P. 4(f)(3) ................................................................................................................ 7
Fed. R. Civ. P. 12(b)(2) ...................................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(5) ............................................................................................................1, 5

Fed. R. Civ. P. 4(f) .........................................................................................................................2

Fed. R. Civ. P. 4(h) ........................................................................................................................2

Fed. R. Civ. P. 4(k) ........................................................................................................................2

**Treaties**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
　　Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 ...........................passim

**Other Authorities**

U.S. Department of State, Judicial Assistance Country Information,
　　Hague/Inter-American: China, (Feb. 18, 2022),
　　https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
　　Information/China.html ............................................................................................................3

## INTRODUCTION

The undersigned specially appears on behalf of Defendant ZTE Corporation for the sole purpose of presenting this motion to dismiss for improper service and lack of personal jurisdiction in accordance with Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. The Court lacks personal jurisdiction over ZTE Corporation because Plaintiff Buffalo Patents, LLC, failed to properly serve the summons and complaint.

ZTE Corporation is a foreign corporation located in China. In violation of the Hague Service Convention—and in violation of this Court's recent ruling in *ACQIS LLC v. Lenovo Group Ltd.*, No. W-20-CV-00967-ADA, 2021 WL 5332314 (W.D. Tex. Nov. 16, 2021)—Buffalo Patents purports to have served ZTE Corporation via the Texas Secretary of State. ECF No. 9 (Returned Summons). As this Court has ruled under virtually identical circumstances, such service is improper, and the Court therefore also lacks personal jurisdiction. ZTE Corporation respectfully requests that the Court dismiss the complaint.

## BACKGROUND

Plaintiff Buffalo Patents accuses ZTE Corporation of infringing four patents. ECF No. 1 (Complaint). Defendant ZTE Corporation is a Chinese corporation located in China. *See id.* at ¶ 2. Buffalo Patents purports to have served process on ZTE Corporation by serving the Texas Secretary of State. *Id.*; ECF No. 9 (Returned Summons). Buffalo Patents has not alleged that it made any effort to serve ZTE Corporation in accordance with the Hague Service Convention.

## LEGAL STANDARDS

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure governs service of process and the establishment of personal jurisdiction over foreign defendants. *See* Fed. R.

Civ. P. 4(f), (h), (k).  Personal jurisdiction is proper only where the state long-arm statute permits service on the defendant and the requirements of due process are satisfied.  *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006).  In Texas, the long-arm statute extends to the limits of due process.  "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process."  *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

The Hague Service Convention is an international treaty that governs service of process abroad.  *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, 363, 1969 WL 97765, at *1.  In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, the Supreme Court reaffirmed that the Hague Service Convention applies when "a transmittal abroad [] is required as a necessary part of service."  486 U.S. 694, 707 (1988).  Article 10 of the Hague Service Convention governs service abroad by mail, subject to objection by individual signatory nations.  Hague Service Convention ("Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, . . . ."); *see also Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) ("as long as the receiving state does not object, the Convention" does not interfere with serving documents through postal channels).

In certain circumstances, Texas state law permits service of a nonresident via the Texas Secretary of State as an involuntary agent.  *See* Tex. Civ. Prac. & Rem. Code § 17.044 ("The secretary of state is an agent for service of process or complaint on a nonresident…").  In such circumstances, the statute requires the Texas Secretary of State to mail a copy of process to the

2

nonresident. *Id.* at § 17.045 ((a) "shall immediately mail a copy of the process to the nonresident"; (b) "he shall immediately mail a copy of the process to the nonresident"; (c) "a copy of the process and notice of the service must be immediately mailed to the nonresident"; (d) "The process or notice must be sent by registered mail or by certified mail, return receipt requested."; (e) shall immediately mail a copy of the process to the person").

The Hague Service Convention itself does not prohibit service of a foreign corporation through the Texas Secretary of State, so long as the nation where that corporation resides either is not a signatory to the treaty or has not objected to mail service under Article 10. However, when a signatory to the Hague Service Convention objects to mail service, the treaty preempts any form of service that involves transmitting process abroad by mail, including service through the Texas Secretary of State. *ACQIS*, 2021 WL 5332314, at *11; *see also Water Splash*, 137 S. Ct. at 1513 ("in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law").

China has objected to service by mail under Article 10 of the Hague Service Convention.[1] Accordingly, as this Court has held, service of a Chinese corporation via the Texas Secretary of State violates the Hague Service Convention and is therefore insufficient. *ACQIS*, 2021 WL 5332314, at *10-12.

---

[1] *See* U.S. Department of State, Judicial Assistance Country Information, Hague/Inter-American: China, (Feb. 18, 2022), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

# ARGUMENT

I. **The Court Lacks Personal Jurisdiction Because Buffalo Patents' Purported Service of ZTE Corporation Via the Texas Secretary of State Violated the Hague Service Convention**

The Court lacks personal jurisdiction over ZTE Corporation because Buffalo Patents did not properly serve the summons and complaint. *See Omni Capital*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."). Buffalo Patents purported to serve ZTE Corporation through substituted service on the Texas Secretary of State. (ECF No. 9.) That substituted service was ineffective because ZTE Corporation is a foreign corporation located in China—a signatory to the Hague Service Convention that objected to service via mail.[2] When the destination country is a signatory, like China, the Hague Service Convention applies whenever "there is occasion to transmit a judicial or extrajudicial document for service abroad" and "pre-empts inconsistent methods of service prescribed by state law." *Schlunk*, 486 U.S. at 699. In cases governed by the Hague Service Convention, service by mail is permissible only if "the receiving state has not objected to service by mail." *See Water Splash*, 137 S. Ct. at 1513.

ZTE Corporation is undisputedly located in China. *See* ECF No. 1 (Complaint) at ¶ 2. Upon receipt of process from Buffalo Patents, Texas law required the Secretary of State to send a copy of the process to ZTE Corporation via registered mail. *See* Tex. Civ. Prac. & Rem. Code § 17.045(a). Thus, "[b]ecause the Secretary must mail the notice to [China], this transmittal of service documents abroad implicates the Hague Convention and its requirements." *Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*, No. SA-05-CA-0172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005). Because China has objected to service via mail under Article 10,

---

[2] *See*, *supra*, note 1.

the Hague Service Convention prohibits service involving mail to ZTE Corporation in China. *See Water Splash*, 137 S. Ct. at 1513.

For these reasons, Buffalo Patents' attempt at service through the Texas Secretary of State is insufficient. *See Alternative Delivery*, 2005 WL 1862631, at *2 (noting that service on a Mexican defendant "via the Texas Secretary of State is insufficient because it requires service by mail"); *Axford Consulting, L.P. v. Foster Jordan, LLC*, No. H-09-1899, 2009 WL 10711347, at *9 (S.D. Tex. Sept. 24, 2009) (finding service via the Secretary of State "insufficient for failure to comply with the requirements of the Hague Convention"). Lacking proper service, the Court has no jurisdiction over ZTE Corporation and must dismiss the allegations against it. *See Omni Capital*, 484 U.S. at 104; Fed. R. Civ. P. 12(b)(2), 12(b)(5).

## II.   This Court Has Held That a Chinese Corporation May Not Be Served Via the Texas Secretary of State

In *ACQIS*, this Court conducted an extensive analysis of due process as it applies to the Hague Service Convention and substitute service through the Texas Secretary of State. *ACQIS*, 2021 WL 5332314, at *5-12. The plaintiff in *ACQIS* purported to serve three defendants located in China and Mexico through the Texas Secretary of State, which was required by statute to send the process abroad by mail. *Id.* at *2-3, 5. The three defendants moved to dismiss for lack of personal jurisdiction based on improper service because both China and Mexico are signatories to the Hague Service Convention that objected to service by mail. *Id.* at *5.

In its due process analysis, the Court emphasized the importance of "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *7 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Applying this principle to the facts in *ACQIS*, this Court concluded that "absent mailing the service abroad, Defendants would

5

not be on notice of the pendency of the action from the Texas Secretary of State," and due process would be violated. *ACQIS*, 2021 WL 5332314, at *7. Thus, the Court concluded, mailing of the process abroad is a necessary part of the statutory scheme for serving foreign corporations through the Texas Secretary of State. *Id.* The Court distinguished cases involving countries that are either not signatories to the Hague Service Convention or have not objected to service by mail under Article 10. Because both China and Mexico *do object* to service by mail, "any mail service required by statute is preempted by the Hague Service Convention." *Id.* at *9.

The plaintiff in *ACQIS* argued that the Hague Service Convention does not apply because service was complete upon delivery of process *to the Texas Secretary of State* as involuntary agent for the foreign defendants. The Court rejected this argument, citing the express requirement in the statute that the Secretary of State "immediately mail a copy of the process to the nonresident." *Id.* at *10 (*quoting* Tex. Civ. Prac. & Rem. Code § 17.045). Because mailing the process abroad is a necessary part of service under the statute, the Court concluded that service through the Texas Secretary of State is "inappropriate" for any country that is a signatory to the Hague Service Convention and objects to Article 10. *Id.* at *11 ("Here, because the Texas Statutes require the Secretary of State to mail service to the defendant abroad, the Hague Service Convention preempts the Texas statute and substituted service is improper."). Accordingly, the Court granted the defendants' motion to dismiss for lack of personal jurisdiction based on improper service. *Id.* at *10-12.

The same result applies here. Buffalo Patents' purported service of process on ZTE Corporation in China through the Texas Secretary of State required mailing the summons and complaint abroad and therefore violated both the Hague Service Convention and due process. *Id.* As the Court noted in ACQIS, China is a signatory to the Hague Service Convention and has

objected to mail service under Article 10. Just as it did in *ACQIS*, "the Hague Service Convention preempts the Texas statute and substitute service is improper."[3] *Id.* at *11.

## CONCLUSION

For the reasons explained above, Buffalo Patents' purported service of process in China via the Texas Secretary of State is improper, and the Court lacks personal jurisdiction over ZTE Corporation in this matter. Accordingly, ZTE Corporation respectfully requests that the Court dismiss the complaint for improper service and lack of personal jurisdiction.

DATED: February 18, 2022         Respectfully submitted,

| | |
|---|---|
| Charles M. McMahon | */s/ Everett Upshaw* |
| (*pro hac vice forthcoming*) | Everett Upshaw |
| cmcmahon@mwe.com | State Bar of Texas No. 24025690 |
| Thomas DaMario | everettupshaw@upshawpllc.com |
| (*pro hac vice forthcoming*) | UPSHAW PLLC |
| tdamario@mwe.com | 1204 Gano Street |
| MCDERMOTT WILL & EMERY LLP | Dallas, Texas 75215 |
| 444 West Lake Street, Suite 4000 | Phone: (972) 920-8000 |
| Chicago, Illinois 60606 | Fax: (972) 920-8001 |
| Phone: (312) 372-2000 | |
| Fax: (312) 984-7700 | |

*Counsel for ZTE Corporation for the limited purpose
of presenting this motion to dismiss*

---

[3] To the extent Buffalo Patents would seek leave to effect alternative service under Federal Rule of Civil Procedure 4(f)(3), such leave should not be permitted because Buffalo Patents has not made any effort to accomplish service via traditional means, including not having attempted to comply with the Hague Service Convention. *See Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *2-3 (W.D. Tex. Nov. 18, 2021) (denying motion for alternative service of a foreign defendant where the plaintiff had made no effort to comply with the Hague Service Convention); *see also Monolithic Power Systems Inv. v. Meraki Integrated Circuit (Shenzhen) Technology Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040 (W.D. Tex. Oct. 25, 2021); *Cedar Lane Technologies Inc. v. Hitachi Kokusai Electric Inc.*, No. 6:21-CV-00423-ADA, 2021 WL 4441977 (W.D. Tex. Sept. 27, 2021); *Global Technologies v. ASUSTeK Computer Inc.*, No. 6:21-CV-00820-ADA, 2021 WL 4340975 (W.D. Tex. Sept. 23, 2021).

**CERTIFICATE OF CONFERENCE**

In multiple telephone conversations, including a telephone conversation on February 15, 2022, Zachariah S. Harrington, counsel for Buffalo Patents, advised that Buffalo Patents opposes the foregoing motion to dismiss.

*/s/ Everett Upshaw*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which forwards electronic notification of such filing to all counsel of record.

*/s/ Everett Upshaw*