**FILED**

March 11, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
                    BW
                                    DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| BUFFALO PATENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-1065-ADA |
| | § | |
| ZTE CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR
IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    I.     Consistent with the Court's Ruling in *ACQIS*, Service On A Chinese
          Corporation Via The Texas Secretary Of State Is Improper ................................... 1

    II.    Buffalo Patents Should Not Be Permitted Leave To Effect Alternate
          Service ................................................................................................................... 3

CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*ACQIS LLC v. Lenovo Grp. Ltd.*,
    No. W-20-CV-00967-ADA, 2021 WL 5332314 (W.D. Tex. Nov. 16, 2021) ................. 1, 2, 3

*Cedar Lane Technologies Inc. v. Hitachi Kokusai Elec. Inc.*,
    No. 6:21-CV-00423-ADA, 2021 WL 4441977 (W.D. Tex. Sept. 27, 2021) ......................... 4

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL
    3330022, at *1 (N.D. Tex. Mar. 16, 2018) ............................................................................. 4

*Glob. Techs. v. ASUSTeK Comput. Inc.*,
    No. 6:21-CV-00820-ADA, 2021 WL 4340975 (W.D. Tex. Sept. 23, 2021) ......................... 4

*In re OnePlus*,
    No. 2021-165, 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) ................................................. 5

*Monolithic Power Sys. Inc. v. Meraki Integrated Circuit (Shenzhen) Tech. Ltd.*,
    No. 6:20-CV-00876-ADA, 2021 WL 4974040 (W.D. Tex. Oct. 25, 2021) .......................... 4

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................................................................ 3

*Trs. of Purdue Univ. v. STMicroelectronics N.V.*,
    No. 6:21-CV-00727-ADA, 2021 WL 5393711 (W.D. Tex. Nov. 18, 2021) ...................... 3, 4

*Ultravision Techs., LLC v. Govision, LLC*,
    No. 218CV00099JRGRSP, 2020 WL 10692985 (E.D. Tex. Mar. 16, 2020) ........................ 5

*Water Splash Inc. v. Menon*,
    137 S. Ct. 1504 (2017) ............................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................. 1

Fed. R. Civ. P. 12(b)(5) ............................................................................................................. 1, 3

Fed. R. Civ. P. 4(f)(3) .............................................................................................................. 3, 4, 5

**Treaties**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
    Commercial Matters,
    Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 ...................................................................... 5

## INTRODUCTION

Plaintiff Buffalo Patents does not dispute that the Court has already resolved the only two principles at stake in Defendant ZTE Corporation's motion: (1) service via the Texas Secretary of State is *not* proper for a foreign defendant based in China; and (2) alternative service under Rule 4(f)(3) should *not* be permitted where the plaintiff has made no attempt to comply with the Hague Service Convention.  Consistent with this Court's own recent precedent, ZTE Corporation respectfully requests that the Court grant the motion to dismiss under Rules 12(b)(2) and 12(b)(5) and deny Buffalo Patents' belated and deficient request for alternative service.

## ARGUMENT

### I.   Consistent with the Court's Ruling in *ACQIS*, Service On A Chinese Corporation Via The Texas Secretary Of State Is Improper

In a detailed and well-reasoned opinion, this Court decided the very question at the heart of ZTE Corporation's motion—is service of a Chinese entity via the Texas Secretary of State proper?  The Court held that it is not.  *ACQIS LLC v. Lenovo Grp. Ltd.*, No. W-20-CV-00967-ADA, 2021 WL 5332314, at *5-6 (W.D. Tex. Nov. 16, 2021).  Buffalo Patents now seeks to relitigate *ACQIS*, suggesting that the Court should "reconsider its earlier decision."  (Opp. at 13.)  But Buffalo Patents cites no law that the Court failed to consider in *ACQIS*, nor does Buffalo Patents identify any facts that would distinguish the present case from *ACQIS*.  (*See* Opp. at 13 (admitting that "*ACQIS* considered the same question now before the Court.").)  Indeed, the Court already provided a thorough analysis of every argument Buffalo Patents seeks to relitigate.

Buffalo Patents argues that service via the Texas Secretary of State does not implicate the Hague Service Convention.  (Opp. at 4.)  The Court already rejected this argument.  *ACQIS*, 2021 WL 5332314, at * 5 ("This Court reads the Texas service statues to require the Secretary of State to mail the service to the foreign entity, for which it is an involuntary agent, *implicating the*

*Hague Service Convention.*" (emphasis added)).  Buffalo Patents further argues that the Hague

Service Convention is not implicated because service is complete upon delivery of process to the

Texas Secretary of State.  (Opp. at 4.)  Again, the Court analyzed and answered this question in

*ACQIS*: "Under Texas law, the Secretary of State is required to immediately mail a copy of the

notice of service to the foreign entity. . . . [B]ecause the Texas statutes require the Secretary of

State to mail service to the defendant abroad, the Hague Service Convention preempts the Texas

statute and substituted service is improper."  *Id.*, at *5.  Indeed, "it would be absurd to find that

any communications between the *secretary of state* and foreign defendant are irrelevant after the

*secretary of state* received process." *Id.* (emphasis in original).

Buffalo Patents' reliance on *Water Splash* is equally misplaced.  *Water Splash* confirmed

that the Hague Service Convention "does not prohibit service by mail" *only* so long as "the

receiving state does not object [to] serving documents through postal channels."[1]  *ACQIS*, 2021

WL 5332314, at * 5 (citing *Water Splash Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017)).  Here, as

in *ACQIS*, the defendant is a Chinese entity, and China has specifically objected to service by

mail.  "When a signatory to the Hague Service Convention objects to Article 10, mail service is

inappropriate." *ACQIS*, 2021 WL 5332314, at *5.

Buffalo Patents' analysis of Texas State law is flawed both because this Court already

rejected it and because a contrary holding "cannot meet the demands of the Due Process

Clause."[2] *Id.*, at *6.  In its detailed analysis of Supreme Court precedent, this Court noted that

---

[1] *Water Splash* involved a Canadian defendant, and Canada has not objected to service by mail
under Article 10 of the Hague Service Convention.  *Water Splash*, 137 S. Ct. at 1507, 1512 n.7.

[2] Equally meritless is Buffalo Patents' suggestion that service in this case was proper because
process was purportedly served before the Court decided *ACQIS*.  (*See* Opp. at 1.)  Due process
is not so temporally limited.  Indeed, the purported service in *ACQIS* also predated the Court's
decision in that case, but it was nevertheless insufficient.  The same result applies here.

"[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and accord them an opportunity to present their objections." *Id.* at *3 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Court further confirmed that "absent mailing the service abroad, Defendants would not be on notice of the pendency of the action from the Texas Secretary of State." *Id.; see also, id.*, at *6 ("Absent this final action, as dictated by the statue, a defendant would be unaware of the action against it."). "Such a proposition cannot meet the demands of the Due Process Clause." *Id.* at *6. Accordingly, consistent with the Court's decision in *ACQIS*, ZTE Corporation requests that the Court grant the present motion to dismiss because Buffalo Patents' purported service of process in China via the Texas Secretary of State is improper.

## II.    Buffalo Patents Should Not Be Permitted Leave To Effect Alternate Service

In the alternative, Buffalo Patents requests that the Court authorize alternative service on ZTE Corporation via Federal Rule of Civil Procedure 4(f)(3), which permits service "by other means not prohibited by international agreement." (Opp. at 18-20, *citing* Fed. R. Civ. P. 4(f)(3).) The Court should reject this request for two reasons.

First, Buffalo Patents has made *no attempt* to comply with the Hague Service Convention, and the Court has already ruled that discretion cautions against permitting alternative service under such circumstances. *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) (denying motion for alternative service of a foreign defendant where plaintiff made no effort to comply with the Hague Convention and noting that "courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted"); *see also Monolithic Power Sys. Inc. v. Meraki Integrated Circuit (Shenzhen) Tech. Ltd.*, No. 6:20-CV-

00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit

alternative service [] where [plaintiff] has not shown that it has at least made some effort to serve

[Chinese based defendants] through other means first."); *Cedar Lane Techs. Inc. v. Hitachi*

*Kokusai Elec. Inc.*, No. 6:21-CV-00423-ADA, 2021 WL 4441977, at *1 (W.D. Tex. Sept. 27,

2021) (refusing to permit alternative service of Japanese defendant under Rule (4)(f)(3) where

plaintiff had not attempted service through other means first); *Glob. Techs. v. ASUSTeK Comput.*

*Inc.*, No. 6:21-CV-00820-ADA, 2021 WL 4340975, at *1 (W.D. Tex. Sept. 23, 2021) (refusing

to permit alternative service of Taiwanese defendant, despite acknowledgement that "serving a

Taiwanese entity can prove difficult," without showing that plaintiff attempted service through

other means).  The reason for this deference, as the Court noted in *STMicroelectronics*, is that

"principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff

attempt to follow foreign law in its efforts to secure service of process upon defendant."[3]  2021

WL 5393711, at *1.

     Second, permitting alternative service under Rule 4(f)(3) at this stage of the case *cannot*

be permitted because it is "prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).  The

Hague Service Convention specifically contemplates alternatives a domestic court may

authorize, but only if service as prescribed by the Convention causes undue delay.  Article 15 of

the Hague Service Convention provides three conditions for pursuing such alternatives:

    a)  *the document was transmitted by one of the methods provided for in this*
        *Convention,*

---

[3] This point is reinforced, not diminished, by Buffalo Patents' cite to *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *1 (N.D. Tex. Mar. 16, 2018).  (Opp. at 19.)  Unlike *STMicroelectronics* and the present case, the plaintiff in *Fundamental* properly attempted to comply with the Hague Service Convention before seeking alternate service.  *STMicroelectronics*, 2021 WL 5393711, at *1.

b)  *a period of time of not less than six months*, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c)  no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.[4]

Hague Service Convention, Art. 15 (emphasis added).  Thus, just like this Court's ruling in *STMicroelectronics*, the Hague Service Convention requires a plaintiff to pursue service as the Convention prescribes before seeking alternative relief.  *See Ultravision Techs., LLC v. Govision, LLC*, No. 218CV00099JRGRSP, 2020 WL 10692985, at *2 (E.D. Tex. Mar. 16, 2020) (granting motion for alternate service under Rule 4(f)(3) where plaintiff had first attempted service of Chinese defendant via the Hague Service Convention and six months had elapsed without response).  Where the plaintiff has made no such attempt, alternative service is prohibited by international agreement as embodied in the Hague Service Convention—and therefore also prohibited by Rule 4(f)(3).[5]  Fed. R. Civ. P. 4(f)(3) (permitting service "by other means *not prohibited by international agreement*, as the court orders." (emphasis added)).

The only purported justification Buffalo Patents' offers for ignoring the Hague Service Convention is that it would be inconvenient and time consuming.  (Opp. at 19-20.)  As the Federal Circuit recently noted, inconvenience is no excuse.  *In re OnePlus*, No. 2021-165, 2021 WL 4130643, at *4 (Fed. Cir. Sept. 10, 2021) (alternative service is not appropriate "whenever more conventional means of service would be merely inconvenient.").  For all of these reasons,

---

[4] Article 15 of the Hague Service Convention also indicates that in cases of particular "urgency," the court may implement additional "provisional or protective measures," but Buffalo Patents has identified no particular urgency in this case.

[5] The six-month time period set forth in Article 15 of the Hague Service Convention also moots Buffalo Patents' argument that service via the Convention may take up to two years.  (Opp. at 19.)

ZTE Corporation requests that the Court deny Buffalo Patents' unsupported request for alternative service.[6]

## CONCLUSION

For the reasons explained above and in ZTE Corporation's opening brief, Buffalo Patents' purported service of process in China via the Texas Secretary of State is improper, and the Court therefore lacks personal jurisdiction over ZTE Corporation in this matter.  Buffalo Patents' request for alternative service is equally improper.  Consistent with the Court's recent decisions rejecting arguments identical to those Buffalo Patents makes here, ZTE Corporation respectfully requests that the Court dismiss the complaint for improper service and lack of personal jurisdiction and deny Buffalo Patents' request for leave to effect alternative service.

DATED: March 11, 2022                                   Respectfully submitted,

Charles M. McMahon                                     _/s/ Everett Upshaw_____
(*pro hac vice forthcoming*)                               Everett Upshaw
cmcmahon@mwe.com                                      State Bar of Texas No. 24025690
Thomas DaMario                                            everettupshaw@upshawpllc.com
(*pro hac vice forthcoming*)                               UPSHAW PLLC
tdamario@mwe.com                                        1204 Gano Street
MCDERMOTT WILL & EMERY LLP                  Dallas, Texas 75215
444 West Lake Street, Suite 4000                      Phone:  (972) 920-8000
Chicago, Illinois 60606                                     Fax:     (972) 920-8001
Phone:  (312) 372-2000
Fax:     (312) 984-7700

*Counsel for ZTE Corporation for the limited purpose*
*of presenting this motion to dismiss*

---

[6] Buffalo Patents' request should also be denied because the alternate service method it proposes is improper.  Buffalo Patents "requests authorization to serve ZTE in the alternative via its U.S.-based outside counsel in this case."  (Opp. at 19.)  However, no counsel has entered a general appearance on behalf of ZTE Corporation in this case, nor has ZTE Corporation designated any counsel to accept service on its behalf.  Permitting alternative service on counsel who have entered only a special appearance for the specific purpose of challenging improper service would force ZTE Corporation either to accept a default judgment or waive its right to challenge service in any future action.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which forwards electronic notification of such filing to all counsel of record.

*/s/ Everett Upshaw*