IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BUFFALO PATENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 6:21-CV-1065-ADA<br><br>**JURY TRIAL DEMANDED** |

**BUFFALO PATENTS' SUR-REPLY TO ZTE'S MOTION TO DISMISS
FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

Buffalo Patents LLC submits this sur-reply in support of its opposition to defendant ZTE Corporation's Motion to Dismiss for Improper Service and Lack of Personal Jurisdiction (Dkt. 14). The Court should deny ZTE's motion in its entirety or, in the alternative, allow Buffalo to effect service by alternative means on ZTE's U.S.-based counsel.

**I.    If the Court finds that substituted service on ZTE was improper, it should allow alternative service on ZTE through its U.S. based counsel because of the unique problems with Hague Convention service in China.**

This is not a typical case about whether to allow service by alternate means where the plaintiff has not yet attempted service under the Hague Convention. This case is different because ZTE is a Chinese defendant, and uncontroverted evidence shows that China is disregarding its obligations under the Convention. In fact, ZTE does not dispute that Hague Convention service on a Chinese defendant can take up to *two years* and that the Chinese Central Authority may simply have stopped executing U.S. requests for service. Opp. at 19-20; Ex. B and C. ZTE points to a provision in the Convention allowing a court to order other forms of service after *at least six months* have passed without Hague Convention service being

1

completed.  Reply at 4-5.  But ZTE concedes there is no chance that Hague Convention service on it will be completed in that time.  So ZTE apparently thinks that it makes sense to pause this case for at least six months—if not several years—while Buffalo makes fruitless attempts to serve it in China, despite ZTE's actual knowledge of this litigation as shown by its special appearance in this case.

If ZTE were correct, then every Chinese defendant sued in this Court would effectively receive an automatic stay of **at least six months** while the plaintiff wasted time and money attempting service in China through the Hague Convention.  Such a rule would allow Chinese companies to use the Convention as both a sword and a shield.  It would require U.S. plaintiffs to spend months trying to comply with the Convention's procedures, even though China itself does not follow those procedures, and even though alternative means of service exist that do not implicate the Convention.  The law does not require that result, and no policy supports it.

This Court has acknowledged that the Federal Rules of Civil Procedure "do not demand that a plaintiff attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)."  *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) (internal quotations and citations omitted).  It also has recognized that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief' . . . It is merely one means among several which enables service of process on an international defendant."  *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzen) Tech. Ltd.*, No. 6:20-CV-009876-ADA, 2021 WL 4974040 (W.D. Tex. Oct. 25, 2021) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

While this Court has denied motions seeking alternative service before a plaintiff has tried service through the Hague Convention, most of the cases cited by ZTE involved non-Chinese defendants.  *See Trs. of Purdue*, 2021 WL 5393711 (Dutch defendants); *Cedar Lane Techs. Inc. v. Hitachi Kokusai Electric, Inc.*, No. 6:21-CV-00423-ADA, 2021 WL 4441977 (W.D. Tex. Sept. 27, 2021) (Japanese defendant); *Atlas Global Techs. v. Asustek Comp., Inc.*, No. 6:21-CV-00820-ADA, 2021 WL 4340975 (W.D. Tex. Sept. 23, 2021) (Taiwanese defendant).  The issues presented by requests for alternative service on defendants who reside in countries that actually *comply* with the Hague Convention are far different than the issue here.

In recent years, other district courts have permitted alternative service on Chinese defendants even if a plaintiff has not attempted Hague Convention service, or because Hague Convention service on a Chinese defendant would be futile.  *See Malletier v. Lvhut.net*, No. 22-CV-60228-BLOOM/Valle, 2022 WL 393369 (S.D. Fla. Feb. 7, 2022) (permitting alternative service on Chinese defendant without attempt to serve through Hague Convention); *Cadence Design Sys., Inc. v. Syntronic AB*, No. 21-CV-03610-SI, 2021 WL 422040 (N.D. Cal. Sept. 16, 2021) (same); *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228 (MAS) (LHG), 2021 WL 3291683 (D.N.J. Jul. 31, 2021) (permitting alternative service on Chinese defendant and finding that service through the Hague Convention would be futile).

Because service on ZTE through the Hague Convention would be futile, the Court should not delay this litigation for months or years based on notions of international comity given the Chinese Central Authority's apparent abdication of its role in effecting service through the Convention.  *See* Opp., Ex. B and C; *see also Victaulic Co. v. Allied Rubber & Gasket Co.*, Case No. 3:17-CV-01006-BEN-JLB, Dkt. 19, 2020 U.S. Dist. LEXIS 82150 (S.D. Cal. May 8, 2020) (describing plaintiff's attempts to serve Chinese defendant under the Hague Convention over

three years, including an e-mail from the Chinese Central Authority that its "offices were not in full operation").

The Court should also reject ZTE's baseless argument that alternative service violates the Hague Convention. While ZTE cites portions of the Hague Convention regarding alternatives for service, it does not cite a single case to support its theory that service on ZTE's U.S. counsel—within the United States—somehow implicates the Hague Convention. On the contrary, the Supreme Court has recognized that the Hague Convention is implicated only when "there is both transmission of a document from the requesting state to the receiving state, **and** service upon the person for whom it is intended." *Water Splash v. Menon*, 137 S. Ct. 1504, 1509 (2017) (emphasis added). The alternative service requested in this case would occur within the United States, so it raises no issue under the Hague Convention.

Finally, ZTE contends that "mere[] inconvenience" is not a basis for alternative service, citing *In re OnePlus*, No. 2021-165, 2021 WL 4130643, at *4 (Fed. Cir. Sept. 10, 2021). But the Federal Circuit's decision in *OnePlus* actually supports Buffalo's request for alternative service. In that case, the district court permitted alternative service under Rule 4(f)(3) on a Chinese defendant's former U.S. counsel after the plaintiff "cit[ed] the burdens involved in effecting service through Hague Convention procedures." *Id*. at *1. The court rejected the argument that "a showing that the plaintiff has reasonably attempted to effectual service on the defendant by convention means" is "akin to an exhaustion requirement." *Id*. at *3. The Federal Circuit accordingly refused to issue a writ of mandamus to the district court that permitted alternative service on the Chinese defendant. *Id*. at *4. So too should this Court grant Buffalo's request for alternative service, given the futility of serving ZTE through the Hague Convention and the

4

undisputed—and unnecessary—delay to the resolution of this dispute that requiring Hague Convention service in China would entail.

## II. *ACQIS* did not address all of Buffalo's arguments for why substituted service on ZTE through the Secretary of State was proper.

Buffalo also respectfully requests that the Court reconsider its decision in *ACQIS LLC v. Lenovo Group, Ltd.*, No. W-20-CV-00967-ADA, 2021 WL 5332314 (W.D. Tex. Nov. 16, 2021). ZTE contends that Buffalo "cites no law that the Court failed to consider in *ACQIS*, nor does Buffalo Patents identify any facts that would distinguish the present case from *ACQIS*." Reply at 1. ZTE is wrong.

As discussed more fully in the Opposition, in deciding *ACQIS* this Court had the benefit of only two paragraphs of briefing on the issue by the plaintiff, who cited only cases that predated the Supreme Court's decision in *Water Splash*. And Buffalo discussed several Texas cases concluding that service is complete upon service on the Secretary of State, and that the Texas statutory scheme was amended to distinguish between *service* on the Secretary of State and *transmittal* to a nonresident defendant. Opp. at 8-12. This Court did not address these cases in *ACQIS*. In fact, Texas courts have held that service on the Secretary of State triggers a nonresident defendant's answer date and that service is complete even if a nonresident defendant does not receive the transmitted service documents. *Id*. at 8 (discussing *Bonewitz v. Bonewitz*, 726 S.W.2d 227, 230 (Tex. App.—Austin 1987, writ ref'd n.r.e.) and *Campus Inv. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004)). Neither case was considered in *ACQIS*. Because, under Texas law, service is complete when the Secretary of Service is served, the Hague Convention is not implicated because service occurs entirely within the United States.

ZTE also argues that Buffalo incorrectly relies on *Water Splash*, citing the holding in that case that the Hague Convention does not prohibit mail service only if the receiving state does not

object to such service.  Reply at 2.  But that is not why Buffalo cites *Water Splash*.  Buffalo instead relies on *Water Splash* for its holding that the Hague Convention is "limited to service of documents . . . *to be served abroad*." 137 S. Ct. at 1509 (original emphasis).  Because the transmittal of documents to a nonresident by the Secretary of State is not the service of documents abroad, the Hague Convention is not implicated.

Finally, while ZTE reiterates the general requirement that a defendant be accorded due process, it addresses none of the cases cited by Buffalo supporting its contention that service on the Secretary of State comports with due process.  Opp. at 12.  And in this case there is no question regarding whether Buffalo's service put ZTE on notice—because ZTE has **actual notice** of this litigation, in which it has appeared through counsel.  *Id*.

For these reasons, Buffalo respectfully requests that the Court reconsider its decision in *ACQIS* and deny ZTE's motion to dismiss.

Dated: March 25, 2022

Respectfully submitted,

/s/ *Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com

ANTONELLI, HARRINGTON

& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*Attorneys for Buffalo Patents, LLC*