## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| BUFFALO PATENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-1065-ADA |
| | § | |
| ZTE CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
## TO FILE A SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS FOR
## IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION

Defendant ZTE Corporation opposes Plaintiff's motion for leave to file a sur-reply as

both baseless and untimely. (Dkt. 17.). For the reasons presented below, ZTE Corporation

respectfully requests that the Court deny Plaintiff's motion for leave.

On the merits, the record shows that ZTE Corporation's reply did not present any new

arguments to justify a sur-reply. First, ZTE's reliance on the Court's *ACQIS* decision was not

new. (*See* Mot. at 1, *citing* Dkt. 16 at 1-3; *ACQIS LLC v. Lenovo Group, Ltd.*, No. W-20-CV-

00967-ADA, 2021 WL 5332314 (W.D. Tex. Nov. 16, 2021)). The Court's decision in *ACQIS*

was the central authority for ZTE's original motion, and Plaintiff had every opportunity to

analyze and address *ACQIS* in its response brief. Indeed, Plaintiff's response brief offered nearly

twice as many pages of argument on this issue as ZTE Corporation's motion and reply brief

*combined*. (*Compare* Dkt. 15 at 2-17 *with* Dkt. 14 at 4-7 *and* Dkt. 16 at 1-3.) Rather than

addressing any purportedly new arguments, Plaintiff's proposed sur-reply merely rehashes its

existing criticism of and request for the Court to reconsider the *AQUIS* decision. (Ex. A at 5-6.)

Second, ZTE Corporation's argument that alternative service should not be granted was also not new.  (*See* Mot. at 1.)  ZTE Corporation anticipated Plaintiff's request for alternative service in its original motion, arguing that no such request should be granted in view of the Court's decision in *STMicroelectronics*.  (Dkt. 14 at 7 n.3 (*citing Trs. of Purdue Univ. v. STMicroelectronics*, N.V., No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *2-3 (W.D. Tex. Nov. 18, 2021) (denying motion for alternative service of a foreign defendant where the plaintiff had made no effort to comply with the Hague Service Convention)).)  Indeed, ZTE Corporation's original motion cited all of the same cases cited in its reply brief, except for one.  (*Compare* Dkt. 14 at 7 n.3 *with* Dkt. 16 at 3-6.)  The only new case ZTE Corporation cited in reply was *In re OnePlus*, which the Court had already cited in *STMicroelectronics*.  *See* 2021 WL 5393711, at *3 (*citing In re OnePlus*, 2021 WL 4130643, at *4.)

Beyond the merits, Plaintiff waited two weeks to file its proposed sur-reply.  If Plaintiff's brief had been a reply filed under Local Rule CV-7(E), it would have been untimely.  *See* L.R. CV-7(E)(2) (reply brief to be filed "not later than 7 days after the filing of the response to the motion").  Plaintiff's brief is no more timely as a proposed sur-reply.

For all of these reasons, ZTE Corporation respectfully requests that the Court deny Plaintiff's motion for leave to file a sur-reply.

DATED: April 1, 2022                     Respectfully submitted,


Charles M. McMahon                       /s/ Everett Upshaw
(*pro hac vice forthcoming*)             Everett Upshaw
cmcmahon@mwe.com                         State Bar of Texas No. 24025690
Thomas DaMario                           everettupshaw@upshawpllc.com
(*pro hac vice forthcoming*)             UPSHAW PLLC
tdamario@mwe.com                         1204 Gano Street
MCDERMOTT WILL & EMERY LLP               Dallas, Texas 75215
444 West Lake Street, Suite 4000         Phone:  (972) 920-8000
Chicago, Illinois 60606                  Fax:      (972) 920-8001
Phone:  (312) 372-2000
Fax:      (312) 984-7700

*Counsel for ZTE Corporation for the limited purposes*
*of presenting ZTE Corporation's motion to dismiss*
*and opposing Plaintiff's motion for leave*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which forwards electronic notification of such filing to all counsel of record.

*/s/ Everett Upshaw*