IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BUFFALO PATENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ZTE CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1065-ADA<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>JOINT MOTION FOR ENTRY OF A (DISPUTED) SCHEDULING ORDER</u>**

Plaintiff Buffalo Patents, LLC ("Buffalo") and Defendant ZTE Corporation ("ZTE" or "Defendant") dispute the proposed schedule. The parties' respective positions are set forth below. Exhibit A is Plaintiff's proposed schedule; Exhibit B is Defendant's proposed schedule; and Exhibit C is a table with Plaintiff's proposals in one column and Defendant's proposals in the other.

<b><u>PLAINTIFF BUFFALO'S STATEMENT</u></b>

**I.  Buffalo's Proposed Schedule Should Be Entered**

Buffalo asks the Court to enter its default case schedule based on the April 11 CRSR filing date, with slight modifications to account for deadlines falling on Federal holidays. Along those lines, because Defendant's Reply claim construction brief deadline falls on Labor Day of this year (September 5, 2022), Buffalo proposes that (1) the deadline for Defendant's Reply claim construction brief be extended to September 7, 2022, and (2) the deadline for Plaintiff's Sur-Reply claim construction brief be extended to September 21, 2022 (to maintain the default two weeks for a sur-reply).

**II.  ZTE's Proposed Schedule Should Be Rejected**

In stark contrast to Buffalo's proposal based on the Court's default schedule, ZTE proposes a schedule that shifts the deadline for its invalidity contentions and later deadlines back by at least one month. ZTE does not propose this drastic expansion in the time between infringement and invalidity contentions for any reason tied to this case's substance. Instead, ZTE's proposal rests entirely on its incorrect view of the deadline to file the Case Readiness Status Report ("CRSR"). ZTE argues that the CRSR deadline did not occur until the *Coolpad* case was dismissed on May 6, despite the fact that the other defendants in the CRSR Related cases agreed that the CRSR deadline was April 11 and filed their CRSRs that day. ZTE also contends that only the date where both parties jointly file the CRSR matters—regardless of what

1

the CRSR deadline actually was—and that the other deadlines should run from that filing. The Court should reject ZTE's convoluted and indefensible arguments.

At the outset, there should be no dispute that the filing date of the Case Readiness Status Report in the CRSR Related Cases was April 11, 2022 for OnePlus, TCL, and ZTE. Five related cases were initially filed by Buffalo:

- *Buffalo Patents, LLC v. Coolpad Group Ltd.*, 6:21-cv-1061-ADA;
- *Buffalo Patents, LLC v. HTC Corp.*, 6:21-cv-1062-ADA;
- *Buffalo Patents, LLC v. OnePlus Tech. (Shenzen) Co., Ltd.*, 6:21-cv-1063-ADA;
- *Buffalo Patents, LLC v. TCL Tech. Group Corp. et al.*, 6:21-cv-1064-ADA;
- *Buffalo Patents, LLC v. ZTE Corp.*, 6:21-cv-1065-ADA.

But the case against HTC was dismissed on December 10, 2021, and the case against Coolpad was stayed pending settlement on April 6.[1] That left only the cases against OnePlus, TCL, and ZTE as CRSR Related cases. When Buffalo circulated CRSR drafts to each of the remaining CRSR Related defendants on April 6 and explained that the CRSRs were due to be filed April 11, no defendant disputed that CRSR deadline. Indeed, OnePlus and TCL—each, jointly with Buffalo—filed the joint CRSR for their respective cases on April 11. *See* Dkt. 19, Buffalo's Notice Regarding Today's CRSR Deadline.

ZTE's counsel, however, stated that they were not authorized to engage substantively in this case, so Buffalo was forced to file a Notice regarding the CRSR Deadline, along with a

---

[1] ZTE incorrectly argues that Buffalo "conceded" that the *Coolpad* case "is a CRSR Related Case." But Buffalo only recognized in the April 11 CRSRs that the *Coolpad* case **was** a CRSR Related Case at the time it was filed. As Buffalo explains below, once the Court stayed that case in view of the parties' settlement in principle it was no longer a CRSR Related Case, because a response to the initial pleadings was no longer due or expected.

CRSR that ZTE refused to participate in (*see id*.).[2] ZTE's counsel later argued to the Court that ZTE had only made a special appearance and its counsel lacked authority to take any actions of ZTE's behalf besides prosecuting its the motion to dismiss. *See* Exhibit D, ZTE Email Chain, p. 10 of 12, bottom of page. But ZTE never raised an argument or gave Buffalo any indication that it disputed that the CRSR deadline was April 11, 2022. Only later—over three weeks after Buffalo's first email stating the deadline was April 11, and well after Buffalo served its infringement contentions—did ZTE argue that the CRSR deadline was contingent on this Court granting Coolpad's motion to dismiss.[3] *See* Exhibit D, ZTE Email Chain, p. 6 of 12, bottom of page; *see id*. at 5 of 12, bottom of page. So the Court should reject ZTE's argument as waived.

Even if ZTE's arguments in the correspondence between the parties regarding the CRSR deadline had not been waived, they should each be rejected on the merits.

First, ZTE takes the unusual position that even though OnePlus, TCL, and ZTE (the defendant groups of the active CRSR Related Cases) had responded to Buffalo's initial pleading, the parties were required to wait for Coolpad—even though no response was anticipated or required from Coolpad due to the case having been stayed on April 6. This Court directs the parties to "jointly file the Case Readiness Status Report ('CRSR') . . . (b) when there are CRSR Related Cases, within 7 days after the last Defendant (or last Defendant group when at least one Defendant among the group has responded) among the CRSR Related Cases has responded to

---

[2] ZTE boldly claims that Buffalo is "incorrectly implying it had spoken with ZTE and ZTE was defying the Court" when Buffalo filed its Notice. But that cannot be true because Buffalo specifically filed with the Court (and cited to) correspondence with **ZTE's outside counsel** (*see* Dkt. 19-2, Ex. B at 1)—never once implying that Buffalo had spoken to ZTE's in-house counsel.

[3] When Buffalo first circulated draft CRSRs to OnePlus, TCL, and ZTE on April 6, a motion to stay the *Coolpad* case had already been filed two weeks earlier. *See* Dkt. 19, *Buffalo Patents, LLC v. Coolpad Group Ltd.*, 6:21-cv-1061-ADA. By April 11, this Court had already stayed *Coolpad* case. *See id*. (Text Order of Apr. 6, 2022).

3

the initial pleadings." OGP 4.1, at 1 (Apr. 14, 2022). Because the *Coolpad* case was stayed (and no response was expected from Coolpad) when TCL finally answered on April 4, the CRSR deadline was set for April 11. And this interpretation was fully endorsed by OnePlus and TCL in their CRSRs. To avoid any doubt, the *Coolpad* case appeared in the Related Cases section with a note indicating the case was "stayed." Yet neither OnePlus nor TCL objected to the CRSR deadline. Similarly, ZTE made no objection to the CRSR deadline—arguing instead that counsel had no authority to consider the draft CRSR. *See* Dkt. 19-2, Ex. B at 1. None of the parties objected because the issue is clear—of the five related cases that were initially filed by Buffalo, two of those cases did not require responses to the complaint because one was dismissed and the other was stayed pending settlement. Once TCL answered on April 4, the CRSR deadline was set—and ZTE missed that deadline.

If ZTE's argument were right, an early stay in **any** CRSR Related case would cause a stay in **all** such cases, at least until the Court granted the parties' motion to dismiss. The Court surely did not intend this kind of unjustified delay in the progress of unsettled cases toward a Markman hearing.

Second, ZTE claims that even if it missed the CRSR deadline, the CMC date is triggered by the date on which the CRSR *is actually filed* instead of the deadline for filing the CRSR. In other words, ZTE plays with the language of the Court's OGP, which states that "[t]he Case Management Conference ('CMC') shall be deemed to occur 14 days after the filing date of the CRSR." OGP 4.1, at 2 (Apr. 14, 2022). So in ZTE's world, the CMC date has not occurred because a joint CRSR hasn't been filed by Buffalo and ZTE. That is entirely inconsistent with how the Court's rules are supposed to function. If a party can simply choose not to join the filing of a CRSR, it can potentially derail and delay not only its case, but all of the other CRSR Related

4

Cases (including the *Markman* date)—as ZTE is hoping to do here.[4] So even though OnePlus and TCL initially agreed with a schedule using April 25 as the CMC date, both now are taking advantage of ZTE's argument and joining with ZTE's schedule. And why not? Based on ZTE's argument, the defendants are awarded a one-month extension based on ZTE missing the CRSR deadline. The Court should not condone such an interpretation, especially when Buffalo has already served its infringement contentions (because OnePlus and TCL ratified the CMC date), and ZTE never challenged the CMC date until weeks later.

ZTE's statement adds several arguments that it did not make in the correspondence between the parties. Some of these are mere mudslinging, such as ZTE's claims that this case is "a cynical effort to get around *TC Heartland*" and that Buffalo filed an "early CRSR" to "run up costs." Buffalo will not dignify these ad hominem attacks with a response.

ZTE does make new arguments that Buffalo will address briefly (some of which are addressed in the footnotes above).

First, ZTE says that Buffalo should have "email[ed] the Court's law clerks for clarification" of the CRSR deadline. Why? The other CRSR Related defendants agreed that the CRSRs were due on April 11. And ZTE did not raise its argument that the CRSR was not due on April 11 until nearly three weeks later. So there was no reason for Buffalo to think that any party disagreed with the April 11 CRSR deadline before the CRSRs were filed.

Second, ZTE suggests that it should be excused for not disputing the CRSR deadline because it was constrained by the contours of its "limited appearance." But a company cannot appear before this Court without authorizing at least one counsel of record to represent it on all

---

[4] The Court is clear that it "intends to coordinate the CRSR Related Cases on the same schedule with a single *Markman* hearing, so the parties should plan accordingly." OGP 4.1, at 2 (Apr. 14, 2022).

5

aspects of the case. *See* Exhibit D, ZTE Email Chain, p. 11 of 12, bottom of page. And even if it could, ZTE cannot use its unilateral decision to limit its counsel's authority as a license to raise new issues whenever it chooses.

Third, ZTE calls Buffalo's argument "baffling" because the Standing Order ties case deadlines to the "filing date of the CRSR," not to when the CRSR is actually due. There is, of course, nothing strange about the "filing date of the CRSR" meaning the date the CRSR is due. But put that aside. ZTE admits that Buffalo filed a CRSR on April 11. ZTE calls it an "early CRSR," of course. But if the Court agrees that the CRSR deadline was April 11, then a CRSR was filed that day by Buffalo—and this case's deadlines properly run from that date. ZTE appears to think that only the filing date of a ***joint*** CRSR matters, no matter when that joint CRSR is filed. The Court would invite all kinds of mischief if it accepts ZTE's position.

Finally, ZTE adds a throwaway argument that its schedule is justified because it would allow time for the Court to resolve its motion to dismiss. But there is nothing unusual about a case having a motion to dismiss pending, and no reason to halt this case—and the other two CRSR Related cases—well before a *Markman* hearing on the possibility that the Court might grant ZTE's motion. Such an outcome is especially unjustified when ZTE's argument is simply that it was not yet served properly, not that it is impossible for this case to ever proceed in this Court.

ZTE's incorrect reading of this Court's OGP should be rejected. Both OnePlus and TCL expressly agreed to jointly file a CRSR on April 11, which caused the CMC date to be April 25 for the CRSR Related Cases. ZTE refused to jointly file a CRSR for reasons entirely unrelated to the deadline of the CRSR. Only weeks later did ZTE stumble upon its baseless interpretation of the CRSR. Instead of being rewarded for missing the CRSR deadline, the Court should

require ZTE, at the very least, to abide by the default schedule, which is reflected (after adjustments for holidays) as Plaintiff's proposed schedule.

## DEFENDANT ZTE'S STATEMENT

Buffalo's arguments are wrong on several levels. As an initial matter, Buffalo clearly is *not* proposing the "default case schedule." By the plain terms of OGP 4.1(I), the deemed CMC would occur on May 24, 2022 (two weeks after the CRSR was filed on May 10, 2022); and the initial *Markman* hearing setting would be October 31, 2022. Rather, Buffalo asks the Court to shift the case 5 ½ weeks ahead of what it should have been, while Defendants ask to shift it 5 ½ weeks back; reflecting the fact that, to avoid even more extensive motion practice, ZTE agreed to file the CRSR at least 3 days earlier than the deadline specified in OGP 4.1(I) ("within 7 days after the last Defendant… among the CRSR Related Cases has responded to the initial pleadings"). Buffalo has already conceded [Dkt. 19-01 at 2] the *Coolpad* case (No. 6:21-cv-01061-ADA) is a CRSR Related Case. Since Coolpad never filed a responsive briefing, the 7-day clock did not begin to run until the *Coolpad* case was dismissed on May 6, 2022.

Buffalo's actions are nothing more than a cynical effort to get around *TC Heartland*. As the first two of at least five steps in this process, Buffalo sued a foreign parent for alleged infringement of a domestic subsidiary easily found and served 90 miles to the North, then used the presence and activities of the subsidiary as an excuse to attempt to avoid the difficulties of serving foreign corporations.

To run up costs before ZTE's Motion to Dismiss can be resolved, Buffalo filed an early CRSR on April 11th, misinforming the Court it was due that day [Dkt. 19 at 1] without explaining Buffalo's rationale for ignoring the *Coolpad* case or even hinting that it was inferring

7

an exception from the language of OGP 4.1.[5]  The unilateral CRSR was filed *before* the Motion to Dismiss in the *Coolpad* case.  *Buffalo Patents, LLC v. Coolpad Group Limited* et al., Case No. 6:21-cv-01061-ADA (Dkt. 21 filed April 18, 2022).

Apparently still dissatisfied, and still before moving to dismiss Coolpad, Buffalo emailed the Court on April 13th, incorrectly implying it had spoken with ZTE and ZTE was defying the Court ("ZTE refused to participate… making clear that it does not intend…", Exhibit D, p. 11 of 12).[6]  ZTE responded insofar as it could consistent with its limited appearance; *i.e.*, addressing Buffalo's effort to perform an end-run around ZTE's Motion to Dismiss.  *See* Exhibit D, middle of p. 10 of 12.[7]

ZTE only authorized counsel to negotiate with Buffalo after Buffalo stated to the Court, *see* Exhibit D, pp. 9-10 of 12, and confirmed by stipulation, *see* Joint CRSR [Dkt. 22], that ZTE could participate in the case without waiver.  ZTE then immediately (in its very first sentence) pointed out that the CRSR deadline depended on events in the *Coolpad* case and expressed concern with Buffalo's having represented otherwise to the Court.  *See* Exhibit D, p. 6 of 12.

ZTE does not believe an early stay in one CRSR Related Case causes a stay in all of them.  However, based on ZTE's understanding that the Court prefers related cases to proceed in synch, ZTE would expect that an early stay in one CRSR Related Case would delay filing of the CRSR in all such cases.  It is the Plaintiff who decides whether to bring CRSR Related Cases in

---

[5] OGP 4.1's similar predecessor Standing Order re CRSR's, in effect at the time.

[6] *Buffalo's original statement was 4 pages long; mindful of OGP 4.1(II)(3) ("briefly…")* ZTE's was 2 ½ but provoked Buffalo into adding 1 ½-2 more pages.  ZTE respectfully requests an oral CMC if the Court has remaining questions but for brevity and clarity here limits its "surreply" comments to italics.  Regarding Footnote 2, ZTE contends Buffalo's original correspondence speaks for itself.

[7] *ZTE does not read Local Rule AT-2 to amend Rule 12 or substantive law; indeed, reading it that way would contradict Buffalo's own statements regarding waiver.*

this Court; and it is Plaintiff who knows, far better than a Defendant can guess, what significance to attach to an early stay or other event in a CRSR Related Case.  At a minimum, in this case, the burden should be on Buffalo to explain why it believed an exception should be implied to the literal language of OGP 4.1(I); and the introduction to OGP 4.1 would seem to provide a remedy for Buffalo to raise its belief, by emailing the Court's law clerks for clarification. No such effort was timely made by Buffalo here; instead Buffalo incorrectly told the Court (and the non-Coolpad Defendants) the deadline was April 11th.

Buffalo's last argument is even more baffling because OGP 4.1 literally and clearly sets the CMC date based on the "filing date of the CRSR"—language actually quoted by Buffalo above.[8]  ZTE can only understand the argument as a way of distracting attention from how the CRSR deadline itself is calculated—a matter ZTE insisted the parties address in the Scheduling Order after Buffalo scrubbed ZTE's argument from the CRSR.  See Exhibit D, p. 1 of 12.

In any event, the extra time (5 ½ weeks or less) built into the schedule proposed by the Defendants allows the Court time to rule on the Motion to Dismiss without imposing potentially avoidable early-case costs (such as for prior art searching and analysis and initial discovery) on ZTE, while allowing all the cases to remain on the same timeline, and avoiding indefinite delay to the plaintiff's cases.[9]

## CONCLUSION

The parties jointly request that the Court rule on the dispute set forth above and enter an appropriate scheduling order.

---

[8] *The OGP 4.1(I) "filing date" should be timely; ZTE has never contended otherwise.*

[9] *ZTE believes a stay would be efficient and just, but instead simply asks for a 5-week shift.*

9

<table>
<tr><td>

Dated: May 10, 2022

/s/ Larry D. Thompson, Jr.
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*Attorneys for Buffalo Patents, LLC*

</td><td>

Respectfully submitted,

/s/ Everett Upshaw
Everett Upshaw
State Bar of Texas No. 24025690
everettupshaw@upshawpllc.com
UPSHAW PLLC
1001 Belleview Street Unit 608
Dallas, Texas 75215
Phone: (972) 920-8000
Fax: (972) 920-8001

*Attorney for ZTE Corporation*

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Larry D. Thompson, Jr.
Larry D. Thompson, Jr.