# Exhibit D

Dark yellow highlights indicate cited language.

**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute
**Date:** Monday, May 9, 2022 at 1:08:08 PM Central Daylight Time
**From:** Everett Upshaw
**To:** Larry Thompson
**CC:** Zac Harrington, Matt Antonelli, Rehan Safiullah, Ryan Pinckney, Charles McMahon, DaMario, Thomas
**Attachments:** ZT-BUF CRSR 2022-05-09 proposed filing (REDLINE).docx, ZT-BUF SO 2022-05-04 draft.docx

Hi Larry, I've made a couple of minor tweaks to the CRSR to make it symmetrical; *i.e.*, we understand you want to make clear the difference between the parties' stipulation and Buffalo's positions; that's fine but we'd like to make the difference equally clear between the stipulation and ZTE's position. If you're okay with it, feel free to accept our edits and file.

Since Buffalo's draft CRSR pushes explanation of the OGP 4.1(I) and (II) issues over to the SO, and Buffalo still wants to file that today, did you plan to suggest any edits to our Friday draft (which I understand the other defendants are generally on board with) or would you like me to attempt a balanced paragraph at the start of the SO to give the Court the background to it?

Thanks,

Everett Upshaw

**Upshaw PLLC**
1001 Belleview Street, Unit 608
Dallas, Texas 75215-1831 USA
P: (972) 920-8000
F: (972) 920-8001
D: (214) 680-6005
everettupshaw@upshawpllc.com

Our firm does not provide tax advice. This message contains confidential, and potentially privileged, information which should only be read by the intended recipient. If this email was sent to you by mistake, please let me know and immediately delete without reading, storing, or forwarding.

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Monday, May 9, 2022 at 12:54 PM
**To:** 2016-11PC <everettupshaw@upshawpllc.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, "DaMario, Thomas" <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Everett-

We haven't heard back from you on the email below. Does ZTE have any further edits to the joint CRSR, and does ZTE agree to filing the joint CRSR and the motion to resolve the parties' scheduling order disputes today?

Thanks,
Larry

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Thursday, May 5, 2022 at 5:53 PM
**To:** Everett Upshaw <everettupshaw@upshawpllc.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, DaMario, Thomas <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Everett, thanks for sending these along.  The parties obviously have a dispute on the schedule that the Court will need to resolve.  We would propose that both the joint CRSR and the motion to enter a scheduling order (which will contain each side's arguments for their respective schedule) be filed at the same time on Monday, and have revised the CRSR to reflect that filing date.  (Redline and clean versions are attached.)

We also made some other edits to the CRSR to push the dispute about the deadlines to the scheduling order motion, and to centralize the point about non-waiver in one location.

Please let us know if that plan works, and if you have any further edits to the CRSR.

Thanks,
Larry

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** Everett Upshaw <everettupshaw@upshawpllc.com>
**Date:** Wednesday, May 4, 2022 at 6:27 PM
**To:** Larry Thompson <larry@ahtlawfirm.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, DaMario, Thomas <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

*External Sender*
Larry, please see attached.  If we file both documents at once, we anticipate changing the dates in the CRSR for consistency with those in the Scheduling Order.  We are giving the other defendants an opportunity for feedback but wanted to get this to you today consistent with our previous correspondence and will update you accordingly if we receive any.  Sincerely,

Everett Upshaw
**Upshaw PLLC**
1001 Belleview Street, Unit 608

Dallas, Texas 75215-1831 USA
P: (972) 920-8000
F: (972) 920-8001
D: (214) 680-6005
everettupshaw@upshawpllc.com

Our firm does not provide tax advice.  This message contains confidential, and potentially privileged, information which should only be read by the intended recipient.  If this email was sent to you by mistake, please let me know and immediately delete without reading, storing, or forwarding.

---

**From:** 2016-11PC <everettupshaw@upshawpllc.com>
**Date:** Tuesday, May 3, 2022 at 5:48 PM
**To:** Larry Thompson <larry@ahtlawfirm.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, "DaMario, Thomas" <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Larry, thanks for clarifying you were referencing your email of the 25th.
- Regarding the CRSR, your request is fine in principle; I will send you an updated draft tomorrow.  If there are other issues you want me to tee up overnight let me know.
- Similarly, we should be able to provide a proposed Scheduling Order as well.

Sincerely,

Everett Upshaw

# Upshaw PLLC

1001 Belleview Street, Unit 608
Dallas, Texas 75215-1831 USA
P: (972) 920-8000
F: (972) 920-8001
D: (214) 680-6005
everettupshaw@upshawpllc.com

Our firm does not provide tax advice.  This message contains confidential, and potentially privileged, information which should only be read by the intended recipient.  If this email was sent to you by mistake, please let me know and immediately delete without reading, storing, or forwarding.

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Monday, May 2, 2022 at 4:33 PM
**To:** 2016-11PC <everettupshaw@upshawpllc.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, "DaMario, Thomas" <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Everett-

To avoid conceding waiver, your email misstates the issue that Buffalo presented to the Court: ZTE's failure to file the CRSR on April 11.  The fact that you and ZTE's other counsel claimed to lack authorization to do so was just ZTE's initial excuse for missing that deadline.  During the parties' emails to the Court, ZTE shifted from that excuse to a fear that it might waive its Rule 12 defenses if it filed the CRSR.  But ZTE engaged on the issue of whether it improperly failed to file the CRSR.  So it obviously would have been relevant and important to tell the Court that ZTE believed the CRSR was not even due.  Yet ZTE hid that argument until after Buffalo served its PICs based on the unchallenged CRSR deadline that Buffalo presented to the Court. Again, ZTE has waived its argument that the CRSR was not due April 11.

Beyond this waived argument, ZTE's position on the CRSR shows that it is not serious about participating on the merits.  For one thing, ZTE's proposed CRSR lacked the specific representation from ZTE that my email last Monday said was needed to avoid formal motion practice, language that would help ensure that this issue would not arise again.

Worse, ZTE declared that it would not file even its own proposed CRSR until some unknown future date.  According to ZTE, the CRSR "cannot be filed before the deemed CMC and other dates are calculable," and those dates would depend on when the Coolpad case was "closed or reaches the ready status."   So ZTE's offer to work with us to submit the overdue joint CRSR by Friday was illusory.  Nor does ZTE's assertion that it is unable to even calculate any deadlines at this point give us any hope that it will cooperate to submit the parties' proposals for a scheduling order on the May 9 deadline. (We note that you have not even responded to our proposal yet.)

Finally, ZTE's suggestion that the parties have not conferred makes no sense, especially in view of the lengthy chain of emails discussing these issues and the Court's invitation to file formal motions.  Indeed, my email last Monday invoked a specific rule that we would move for sanctions under—Rule 16(f)—and said what ZTE had to do last week to avoid that motion.  ZTE decided that it would not meet those requests; we explained why ZTE's response was unacceptable.  So the parties have conferred on a motion for sanctions.  ZTE is not entitled to review that motion before we file it.

Best,
Larry

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** Everett Upshaw <everettupshaw@upshawpllc.com>
**Date:** Friday, April 29, 2022 at 4:51 PM
**To:** Larry Thompson <larry@ahtlawfirm.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, DaMario, Thomas <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

*External Sender*
Larry, I did not have authority from ZTE to discuss the CRSR when *Buffalo Patents* took the matter of ZTE's counsel's limited authority to the Court.  Counsel for ZTE responded in relation to the jurisdictional and service issues raised by motion.  The Court told us it understood our disagreements and that we should file formal motion practice if we needed the Court's guidance.  Buffalo Patents then agreed ZTE could negotiate the CRSR on the merits without arguing doing the same was a waiver of ZTE's jurisdictional or service

arguments, and I responded in good faith to your invitation to do so, which was the first time ZTE has discussed the CRSR timing or content with Buffalo Patents.  Most of this is memorialized in this very email chain.

I do not understand why Buffalo Patents ignored the draft CRSR I provided (as requested) and instead is threatening unspecified sanctions rather than simply negotiating the CRSR.  As an aside, if the Court thought ZTE's position was meritless, it wouldn't have invited further briefing.  Regardless, if Buffalo Patents believes it has a basis to seek sanctions ZTE is entitled to a formal meet and confer first (and depending on what rule you are relying on, time to review any brief you are considering filing).  I will need to confer with my client beforehand and would appreciate your explaining which rule you believe ZTE has broken, and how, before I speak with them to make the meet and confer as productive as possible.  But I would prefer to continue to negotiate the CRSR timing and terms by email or phone at your convenience, and believe the next step, if we fail to reach agreement, would be motion practice responsive to the Court's instruction rather than seeking sanctions.

Please let me know if you are willing to talk about the CRSR; or if not, what I should convey to my client regarding your vague threat of sanctions in order to be prepared for a meet and confer.

Sincerely,
Everett Upshaw

## Upshaw PLLC

1001 Belleview Street, Unit 608
Dallas, Texas 75215-1831 USA
P: (972) 920-8000
F: (972) 920-8001
D: (214) 680-6005
everettupshaw@upshawpllc.com

Our firm does not provide tax advice.  This message contains confidential, and potentially privileged, information which should only be read by the intended recipient.  If this email was sent to you by mistake, please let me know and immediately delete without reading, storing, or forwarding.

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Friday, April 29, 2022 at 2:28 PM
**To:** 2016-11PC <everettupshaw@upshawpllc.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, "DaMario, Thomas" <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Everett-

ZTE's newly discovered argument that the CRSR in this case was not actually due on April 11 is, frankly, absurd.  ZTE says that the CRSR was not due on April 11—and still is not due—because Coolpad has not answered.  But Coolpad and American announced a settlement in principle and requested a stay from the Court on March 21, which the Court granted on April 6.  It beggars belief to claim that a case that has been settled and stayed is still a CRSR Related case that extends the deadlines in the active, unsettled CRSR Related cases.  If that were right, an early stay in *any* CRSR Related case would cause a stay in *all* such cases, at least until the Court granted the parties' motion to dismiss.  ZTE cannot plausibly think that the Court intended this

kind of unjustified delay in the progress of unsettled cases toward a Markman hearing.

And even if ZTE's new interpretation of the CRSR deadline were not baseless, ZTE has waived any argument about that deadline by laying behind the log.  After Coolpad and Buffalo settled in principle, and after the Court granted their motion to stay, Buffalo sent an email to ZTE, OnePlus, and TCL with draft CRSRs for each case on April 6.  In that email, we explained that the CRSR was due April 11, seven days after the response of the last defendant group in the remaining CRSR Related cases.  We have exchanged several emails with ZTE since then—including multiple emails to the Court.  And ZTE has offered a panoply of excuses in those emails for why it was okay for ZTE to ignore the April 11 CRSR deadline.  Yet ZTE's email yesterday—over three weeks after our first email stating the deadline—is the first time that ZTE has *ever* argued that its failure to file the CRSR on April 11 (unlike OnePlus and TCL) was because the CRSR was not actually due that day.  We are well past the point where ZTE can make this argument for the first time.

ZTE's delay is especially prejudicial because ZTE waited until after Buffalo served its PICs to raise this argument.  Those PICs would not yet have been due if ZTE's position on the CRSR deadline were correct.  So accepting ZTE's position at this point would dramatically expand the Court's default separation between PICs that is set in the Order Governing Proceedings, without any justification.

ZTE's ever-shifting series of indefensible positions makes clear that it remains unwilling to participate in this case on the merits and in accordance with the orders of this Court.  So Buffalo, unfortunately, has no choice but to prepare a formal motion for sanctions.

Please let me know if you have any questions.

Best,
Larry

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** Everett Upshaw <everettupshaw@upshawpllc.com>
**Date:** Thursday, April 28, 2022 at 4:04 PM
**To:** Larry Thompson <larry@ahtlawfirm.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, DaMario, Thomas <Tdamario@mwe.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

*External Sender*
Larry, thanks for confirming.

Contrary to Buffalo Patents' statements to ZTE and presumably the other defendants, the CRSR is clearly *not* due in ZTE's or the related defendants' cases because CoolPad has not filed a responsive pleading.  I am particularly concerned that Buffalo Patents made representations to the Court suggesting the CRSR was due before it was, and indeed, did so at a time *before* the CoolPad case was even settled.

In addition to attempting to make ZTE look bad before the Court, the incorrect representation has become the basis for dates inconsistent with the Court's standing order in Buffalo Patents' proposed scheduling order.

We believe the CRSR should not be filed until it is due (at the earliest, 7 days after *CoolPad* is closed or reaches the ready status); not least because it cannot be filed before the deemed CMC and other dates are calculable.  Nonetheless, so we're not rushed when that time does come, I have attached a proposed CRSR.  I apologize for not including a redline to the noncompliant CRSR you submitted to the Court; but I had difficulty formatting it to get rid of the Court's stamp and thought you might be better able to run a redline against your original Word version.  Also, I didn't want to do anything to characterize your initial infringement contentions; could you describe them in the first instance, and if I have any concerns with the description I can let you know?

Thanks,
Everett Upshaw

## Upshaw PLLC

1001 Belleview Street, Unit 608
Dallas, Texas 75215-1831 USA
P: (972) 920-8000
F: (972) 920-8001
D: (214) 680-6005
everettupshaw@upshawpllc.com

Our firm does not provide tax advice.  This message contains confidential, and potentially privileged, information which should only be read by the intended recipient.  If this email was sent to you by mistake, please let me know and immediately delete without reading, storing, or forwarding.

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Wednesday, April 27, 2022 at 4:12 PM
**To:** 2016-11PC <everettupshaw@upshawpllc.com>, Charles McMahon <cmcmahon@mwe.com>, "DaMario, Thomas" <Tdamario@mwe.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Everett-

As your email acknowledges, I think we've made this point clear already in our email to the Court.  But Buffalo agrees that ZTE will not waive the Rule 12 defenses that it raised in its motion to dismiss (or its objections to service by alternative means) by complying with the Court's orders on other matters and engaging in the merits of the case.

We look forward to receiving your comments on the joint CRSR.

Best,
Larry

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** Everett Upshaw <everettupshaw@upshawpllc.com>
**Date:** Wednesday, April 27, 2022 at 10:59 AM

**To:** Larry Thompson <larry@ahtlawfirm.com>, Charles McMahon <cmcmahon@mwe.com>, DaMario, Thomas <Tdamario@mwe.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

*External Sender*

Larry, we believe your email to Judge Albright on the 21st is a clear acknowledgment by Buffalo Patents that by following the Court's standing orders and consequently engaging on the merits outside the scope of its limited appearance to contest jurisdiction and service, ZTE does not waive its Rule 12 objections nor its objections to alternative service. Could you or other counsel for Buffalo Patents please stipulate in writing to that?

We do have a number of concerns with the proposed CRSR which we could then share with you and proceed accordingly. We further disagree with statements in your email of April 25th but can provide you our comments on the CRSR by end of day Thursday.

Sincerely,
Everett Upshaw

## Upshaw PLLC

1001 Belleview Street, Unit 608
Dallas, Texas 75215-1831 USA
P: (972) 920-8000
F: (972) 920-8001
D: (214) 680-6005

everettupshaw@upshawpllc.com

Our firm does not provide tax advice. This message contains confidential, and potentially privileged, information which should only be read by the intended recipient. If this email was sent to you by mistake, please let me know and immediately delete without reading, storing, or forwarding.

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Monday, April 25, 2022 at 11:42 AM
**To:** Charles McMahon <cmcmahon@mwe.com>, 2016-11PC <everettupshaw@upshawpllc.com>, "DaMario, Thomas" <Tdamario@mwe.com>
**Cc:** Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>
**Subject:** FW: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

Counsel-

Based on the email chain below, ZTE should certainly understand now that it has no basis to think that it might waive the defenses presented in its motion to dismiss by participating in this case on other issues. And we'd like to avoid formal motion practice on this issue. So if ZTE agrees to file the overdue joint CRSR by the end of the week—which should include a confirmation that its counsel are authorized to represent ZTE on all issues in this case—we're willing to leave the issue behind us so that we can focus on the merits.

Please let us know by close of business Wednesday whether ZTE will agree to this request. (And, if so, please send us your comments, if any, or the proposed CRSR that we sent over.)

If ZTE does not agree to this request by that time, we will have no choice but to engage in formal motion

practice—which will include a request for sanctions under Rule 16(f).

Please let us know if you have any questions.

Best,
Larry

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov>
**Date:** Friday, April 22, 2022 at 8:37 AM
**To:** Larry Thompson <larry@ahtlawfirm.com>
**Cc:** McMahon, Charlie <cmcmahon@mwe.com>, Everett Upshaw <everettupshaw@upshawpllc.com>, DaMario, Thomas <Tdamario@mwe.com>, Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>
**Subject:** RE: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

*External Sender*

Counsel,

The Court understands the parties' concerns. Given the ongoing nature of the dispute, the Court requests the parties engage in motion practice. The Court will then issue a memorialized ruling instead of responding to the substantive issues via email. Please email the Court when the briefing is complete.

Many thanks,

**Jeffrey R. Gunnell**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Sent:** Thursday, April 21, 2022 5:07 PM
**To:** TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** McMahon, Charlie <cmcmahon@mwe.com>; Everett Upshaw <everettupshaw@upshawpllc.com>; DaMario, Thomas <Tdamario@mwe.com>; Zac Harrington <zac@ahtlawfirm.com>; Matt Antonelli <matt@ahtlawfirm.com>; Rehan Safiullah <rehan@ahtlawfirm.com>; Ryan Pinckney <ryan@ahtlawfirm.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

**CAUTION - EXTERNAL:**

Dear Judge Albright:

ZTE's email below defending its refusal to participate in this case as required by this Court's orders is wrong at every turn.

First, Buffalo never insisted that ZTE be forced into waiving any rights.  Nor did ZTE have any basis to think

that it would waive the Rule 12 defenses that it raised in its motion to dismiss by complying with this Court's orders for the orderly conduct of the case. 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ("Courts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense still can be preserved and reasserted later in the action."). That imaginary concern cannot possibly justify ZTE's unilateral decision to disregard this Court's orders.

Second, ZTE's supposed "special appearance"—i.e., moving to challenge service and then refusing to participate in the case in any other way—was not "a legitimate third option." The traditional special appearance was abolished in federal court with the promulgation of the Federal Rules of Civil Procedure over eight decades ago. *See* Fed. R. Civ. P. 12(b); 5B Wright & Miller, Fed. Prac. & Pro. § 1344. And the suggestion that this Court endorsed ZTE's "legitimate third option" in *Purdue v. STMicroelectronics* is baseless. All that the Court ruled on in that decision was a request for alternative service.

Finally, ZTE "submits" in its responsive email that its Rule 12 motion should be heard "without any further procedural or substantive activity in the case while the motion is pending." But if ZTE believed it was entitled to that relief, it should have moved for a stay ***before*** it ignored a Court deadline. ZTE obviously was not permitted to decide for itself that it was entitled to a stay and then refuse to participate in this case.

Respectfully submitted,

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
Direct: (713) 581-3006

---

**From:** McMahon, Charlie <cmcmahon@mwe.com>
**Date:** Thursday, April 21, 2022 at 1:57 PM
**To:** TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov <TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov>
**Cc:** Larry Thompson <larry@ahtlawfirm.com>, Everett Upshaw <everettupshaw@upshawpllc.com>, DaMario, Thomas <Tdamario@mwe.com>, Zac Harrington <zac@ahtlawfirm.com>, Matt Antonelli <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>
**Subject:** Re: Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

*External Sender*
Dear Judge Albright:

Defendant ZTE Corporation writes in response to Plaintiff Buffalo Patents' email dated April 13, 2022, which incorrectly states that ZTE Corporation had only two options for challenging plaintiff's improper service. Buffalo Patents would impose on ZTE Corporation a Hobson's choice between arguably waiving rights with a general appearance or remaining sidelined while Buffalo Patents seeks a default judgment.

ZTE Corporation chose a legitimate third option, which was to file a special appearance for the purpose of moving to dismiss for improper service and lack of personal jurisdiction. Indeed, entry of a special appearance is designed specifically to avoid forcing a defendant to choose between challenging personal jurisdiction or defending its interests on the merits, as the Court has recognized. *See, e.g.*, *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) (acknowledging defendant's special appearance for the purposes of challenging alternative service).

ZTE Corporation maintains that its motion is meritorious, particularly in light of the Court's recent decisions in *ACQIS LLC v. Lenovo Group, Ltd.*, No. W-20-CV-00967-ADA, 2021 WL 5332314 (W.D. Tex. Nov. 16, 2021), and *STMicroelectronics*. As such, ZTE Corporation submits that the motion should be granted without any further procedural or substantive activity in the case occurring while the motion is pending.

Alternatively, should the Court require more time to decide the motion and wish the case to proceed on the merits in the interim, ZTE Corporation respectfully requests that the Court permit ZTE Corporation to participate in the case procedurally and substantively while preserving and without waiving either its objections to personal jurisdiction based on Buffalo Patents' improper service or its opposition to Buffalo Patents' pending request for alternative service.

Respectfully submitted,

CHARLES MCMAHON
Partner
**McDermott Will & Emery LLP**  444 West Lake Street, Suite 4000, Chicago, IL 60606-0029
**Tel** +1 312 984 7641     **Mobile** +1 773 255 9925     **Email** cmcmahon@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

---

**From:** Larry Thompson <larry@ahtlawfirm.com>
**Date:** Wednesday, April 13, 2022 at 12:43 PM
**To:** TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov <TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov>
**Cc:** Everett Upshaw <everettupshaw@upshawpllc.com>, McMahon, Charlie <cmcmahon@mwe.com>, DaMario, Thomas <Tdamario@mwe.com>, zac <zac@ahtlawfirm.com>, matt <matt@ahtlawfirm.com>, Rehan Safiullah <rehan@ahtlawfirm.com>, ryan <ryan@ahtlawfirm.com>
**Subject:** Buffalo Patents v. ZTE Corp., No. 6:21-cv-01065-ADA | Notice of CRSR-Related Dispute

**[ External Email ]**
Dear Judge Albright:

Plaintiff Buffalo Patents writes the Court to notify it about an issue that arose in connection with Monday's deadline to file a CRSR in this case, per the Standing Order Regarding Notice of Readiness for Patent Cases.

As explained in Buffalo's notice filed Monday night, ZTE refused to participate in the preparation of the CRSR, making clear that it does not intend to do anything in this case other than litigate its motion to dismiss for improper service. And ZTE's counsel (both national and local) have apparently concluded that they are allowed to represent ZTE in this Court for only that limited purpose, disclaiming responsibility for any other part of the case—including ZTE's compliance with mandatory deadlines. (Buffalo's notice from Monday is attached for the Court's convenience.)

In challenging the sufficiency of Buffalo's service, ZTE had only two options. It could wait until the case proceeded to a default judgment and then challenge service collaterally. Or it could challenge service in this case, subjecting itself to this Court's orders about how the case is to proceed.

But ZTE has no right to decide for itself that—because it thinks its motion to dismiss will eventually be granted—it can ignore this Court's orders regarding other aspects of the case. Nor can its lawyers appear on ZTE's behalf only to litigate a single motion, without authority to represent ZTE for any other purpose. *See, e.g.,* Local Rule AT-2 ("[l]ocal counsel must have authority to act as attorney of record for all purposes.").

Given this situation, Buffalo seeks the Court's guidance on how to resolve this issue. Buffalo's position is that the Court should order ZTE to choose how it wants to present its service challenge. ZTE can continue to challenge service as part of this action, in which case ZTE must authorize at least one counsel of record to represent it for all purposes within 7 days. But if ZTE does not do so, the Court should assume that ZTE has chosen to challenge service collaterally. In that case, the Court should strike ZTE's motion to dismiss and allow ZTE to present those arguments as part of a collateral challenge after a default judgment is entered.

Respectfully submitted,

Larry D. Thompson, Jr.
Attorney for Plaintiff Buffalo Patents, LLC

Larry D. Thompson, Jr.
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Suite 450
Houston, Texas 77006
Direct: (713) 581-3006
Fax: (713) 581-3020

*********************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.